UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE LUIS ZURITA, MARIA ANA YAX TAX,
and MACARIA PEREZ HERNANDEZ,

            Plaintiffs,

-against-

HIGH DEFINITION FITNESS CENTER, INC.,
INDIVIDUAL REALTY, INC., CREATIVE 38,
INC., EKINDRA GURCHARRAN, and
GEWAN CRIPRIANA, a/k/a GEEWAN
CRIPRIANA, a/k/a GEWAN CIPRIANI, a/k/a
MIKE CIRPRIANI,

            Defendants.
------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 29 2016 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4394 (CBA) (RML)

**AMON, United States District Judge:**

      On August 5, 2013, plaintiff Jose Luis Zurita brought this wage-and-hour suit on behalf of himself and similarly situated employees against defendants for unpaid wages under the Fair Labor Standards Act and New York Labor Law. (D.E. # 1.) Zurita and opt-in plaintiff Maria Ana Yax Tax moved for default judgment on December 9, 2013, (D.E. # 16), which this Court referred to the Honorable Robert M. Levy, United States Magistrate Judge, for report and recommendation ("R&R"), (D.E. dated December 20, 2013). Defendants subsequently appeared at a damages hearing, and plaintiffs withdrew their motion and filed an amended complaint, which added Tax and Macaria Perez Hernandez as named plaintiffs. (See Minute Entry dated Jan. 27, 2014; D.E. # 21 ("Am. Comp.").) Defendants then ceased participating in the litigation. As Judge Levy describes, defendants never answered or otherwise moved against the amended complaint and failed to comply with an Order to Show Cause, to obtain counsel for the corporations, and to satisfy the terms of a settlement agreement. (See D.E. # 56 ("R&R") at 2; see also D.E. # 47 (sanctions order).) Defendants' last communication with the Court was on March 3, 2015. (See R&R at 2

1

n.1 (citing D.E. # 45).) As a result of these actions—or rather, this inaction—plaintiffs renewed their motion for default judgment. (See D.E. # 48.)

In a thorough and meticulous R&R, Judge Levy now recommends that the Court direct the Clerk of Court to enter notation of defendants' default and grant plaintiffs' motion for default judgment. (See R&R at 2.) Judge Levy held a damages hearing on October 20, 2015. (See Minute Entry dated Oct. 20, 2015.) Based on plaintiffs' amended complaint and evidence received at that hearing, Judge Levy recommends the following damages: first, that plaintiff Zurita be awarded $45,309.97, as well as pre-judgment interest at a rate of nine percent per annum on his compensatory damages of $28,637.11, accruing from July 10, 2010, to the date that judgment is entered; second, that plaintiff Tax be awarded $198,477.27, as well as pre-judgment interest at a rate of nine percent per annum on her compensatory damages of $128,875.45, accruing from July 10, 2010, to the date that judgment is entered; third, that plaintiff Hernandez be awarded $51,008.75, as well as pre-judgment interest at a rate of nine percent per annum on her compensatory damages of $31,158.50, accruing from November 17, 2010, to the date that judgment is entered; fourth, that all three plaintiffs be awarded post-judgment interest; and fifth, that all the plaintiffs be jointly awarded $15,555 in attorney's fees and $581 in costs. (See R&R at 2, 24–25.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the R&R and the record and, finding no clear error, adopts Judge Levy's recommendation. The Court respectfully directs the Clerk of Court to enter a notation of the defendants' default and grants plaintiffs' motion for default judgment. The Clerk of Court is directed to enter judgment in plaintiffs' favor in the amounts set forth above and to close the case.

SO ORDERED.

Dated: June 29, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge